UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THOMAS E. WHEELER, II and KAREN M. WHEELER, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:10-cv-1277-RLY-DML |
| LINDA HAMBY and MARK NESTOR, | ) ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

On October 12, 2010, Thomas E. Wheeler, II and Karen M. Wheeler (collectively "Plaintiffs"), filed a Complaint against Linda Hamby ("Hamby") and Mark Nestor ("Nestor") (collectively "Defendants"), alleging breach of contract and fraud arising out of the sale of a home. On January 13, 2011, Nestor, individually, filed a Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure. On January 20, 2011, Defendants, jointly, filed a Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure. The Defendants' Motion incorporates by reference the arguments contained in Nestor's individual Motion. Thus, the court treats both Motions as if they were one, single Motion to Dismiss on behalf of both Defendants. The court, having read and reviewed the parties' submissions, now finds that the Defendants' Motion to Dismiss should be **GRANTED** under Rule 12(b)(2) for lack of personal jurisdiction.

I.  **Factual Background**

Plaintiffs are residents of the State of Indiana, and Defendants are residents of the State of Georgia. (Complaint ¶¶ 1-4). During the summer of 2009, Plaintiffs sought out the services of VIP Realty Group ("VIP") to assist them in finding and purchasing a vacation home in Florida. (*Id.* ¶ 9). Hamby owned a home in Sanibel, Florida ("Florida Home"), and also contacted VIP to assist her in selling it. (*Id.* ¶ 7-8). Through their realtor at VIP, Plaintiffs discovered the Florida Home, and began negotiations to purchase it. (*Id.* ¶ 9).

Hamby enlisted Nestor as her legal representative to facilitate the sale of the Florida Home. (*Id.* ¶ 21). During the course of negotiations, an inspection of the Florida Home on June 9, 2009, revealed numerous problems, including traces of mold and leaks in the master bathroom's bathtub. (*Id.* ¶ 10). Plaintiffs estimated the costs of repairs to be $24,000.00. (*Id.* ¶ 16). In addition, Hamby "demanded" to keep all appliances, certain light fixtures, and all window coverings (collectively "Fixtures") from the Florida Home. (*Id.* ¶ 14). Plaintiffs estimated the costs of replacing the Fixtures to be $26,000.00. (*Id.* ¶ 16).

Thereafter, the parties negotiated a contract ("Contract") for the sale of the Florida Home pursuant to the laws of the State of Florida. (*Id.* ¶ 11-13; 15-17). The parties also drafted an Addendum, which provided that Hamby was to provide the Wheelers a $50,000 credit for repairs and furniture, so long as Plaintiffs agreed to: (1) accept the Florida Home "as is;" and (2) permit Hamby to remove the Fixtures. (*Id.* ¶ 17). The

2

Addendum was included as part of the Contract. (*Id.* ¶ 18).

On June 29, 2010, and July 2, 2010, respectively, Hamby and Plaintiffs executed the Contract and Addendum, and agreed to a closing date of August 27, 2010. (*Id.* ¶¶ 19-20, 22; Exhibit A). As the closing date approached, Plaintiffs refused to fund the transaction, or to close on the Florida Home, because Defendants failed to place $50,000.00 into an escrow account, or to otherwise provide any guarantee for the funds. (Complaint ¶ 22-23). On August 31, 2010, Nestor personally guaranteed that Hamby would initiate the wire transfer of $50,000.00 immediately after Plaintiffs made a wire transfer payment to close the transaction. (*Id.* ¶ 24). Relying on Nestor's guarantee, Plaintiffs funded the closing. (*Id.* ¶¶ 25, 28). Defendants again failed to provide the $50,000.00 due under the Addendum. (*Id.* ¶¶ 28-30, 35-38). On October 12, 2010, Plaintiffs filed the instant Complaint against Defendants, alleging breach of contract (Count I) and fraud (Count II). (*Id.* ¶¶ 26-41). Plaintiffs seek monetary damages in excess of $100,000.00. (*Id.*).

**II.     Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action for lack of personal jurisdiction. Although a plaintiff's complaint need not include facts alleging personal jurisdiction, once personal jurisdiction is challenged by a defendant, the plaintiff bears the burden of establishing that personal jurisdiction exists. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010) (citing *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 781-82 (7th Cir. 2003)). Where, as here, the issue is

decided on the basis of written materials rather than an evidentiary hearing, the "plaintiff need only make out a prima facie case of personal jurisdiction." *Id*. (quoting *Purdue*, 338 F.3d at 782). In deciding whether the prima facie standard has been satisfied, the court accepts the uncontroverted allegations in the plaintiffs' Complaint as true and resolves any factual disputes regarding relevant facts in the plaintiffs' favor. *Id*.

**III.    Discussion**

In 2003, the Indiana Supreme Court amended Indiana's long-arm statute, codified as Indiana Trial Rule 4.4(A), "reduc[ing] the analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause." *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006). Thus, in order to be subjected to personal jurisdiction, "[a] defendant must have 'certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation omitted)).

There are two kinds of personal jurisdiction: general and specific. *LinkAmerica*, 857 N.E.2d at 967. General jurisdiction arises when a defendant's activities in the forum state are "continuous and systematic" such that "the defendant should reasonably anticipate being haled into the courts of that state for any matter." *Id*. Specific jurisdiction does not require that the defendant's activities in the forum state be "continuous and systematic"; instead, specific jurisdiction exists if the controversy relates

to or arises out of the defendant's contacts with the forum state. *Id*. "Specific jurisdiction requires that the defendant purposefully availed itself of the privilege of conducting activities within the forum state so that the defendant reasonably anticipates being haled into court there." *Id*. (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)). "A single contact with the forum state may be sufficient to establish specific jurisdiction over a defendant, if it creates a 'substantial connection' with the forum state and the suit is related to that connection." *Id*. (citing *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)).

In Plaintiffs' Response, Plaintiffs contend that personal jurisdiction exists because: (1) Defendants directed negotiations of the Contract to Plaintiffs in Indiana; (2) Plaintiffs signed the Contract in Indiana; (3) Defendants harmed Plaintiffs in Indiana by refusing to transfer $50,000 per the Addendum; and (4) Defendants advertised the Florida Home on a website[1] accessible in Indiana. However, the court cannot consider any of the Plaintiffs' alleged facts in support of jurisdiction, because there are no allegations in the Complaint supporting an inference that any of those events occurred in the State of Indiana, nor are they supported by affidavit or other documentary evidence in the record. *See Tamburo*, 601 F.3d at 700 (noting that "the plaintiff is entitled to the resolution in its favor of all

---

[1] Plaintiffs devote a significant portion of their Brief arguing that personal jurisdiction exists because Defendants listed the Florida Home on websites accessible in Indiana. Even if the court were to consider this argument, it would not confer personal jurisdiction over Defendants because "the operation of a 'passive' website . . . which merely makes available information about [a] company and its products" does not provide a basis for personal jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 549 (7th Cir. 2004).

disputes concerning relevant facts presented in the record" (quoting *Purdue*, 338 F.3d at 782)).

There are only 3 paragraphs in the Complaint that reference the State of Indiana – paragraphs numbered 1, 2, and 5.  These paragraphs only serve to establish that Plaintiffs reside in the State of Indiana.  (Complaint ¶¶ 1-2, 5).  Indeed, there are no allegations tying the Defendants to the State of Indiana at all.  Accordingly, the court finds that the Plaintiffs fail to establish that the Defendants had the type of contacts with the State of Indiana for which they would reasonably expect being haled into court there.  The court therefore **GRANTS** Defendants' Motion to Dismiss.

In the alternative, Plaintiffs request that the court transfer this cause to the Middle District of Florida.  The court denies this request for two principal reasons.  First, Plaintiffs did not seek leave to file their Surreply, which is the common practice of this court.  *See* L.R. 7.1(b) (the Rule does not contemplate the filing of a surreply).  Second, the issue of transfer was first raised in Plaintiffs' Surreply.  *See Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) (affirming that arguments made for the first time in a reply brief are properly waived (citation omitted)); *see also, e.g., Meraz-Camacho v. U.S.*, 417 Fed.Appx. 558, 559 (7th Cir. 2011) (affirming that the filing of a surreply is generally only allowed when the movant raises new arguments in a reply brief).

Having found dismissal to be appropriate under Federal Rule of Civil Procedure 12(b)(2), the court need not discuss Defendants' additional arguments for dismissal

arising under Federal Rules of Civil Procedure 12(b)(1), (b)(3) and 12(b)(6).

**IV.   Conclusion**

Based on the aforementioned reasons, the Defendants' Motion to Dismiss (Docket ## 6, 9) is **GRANTED**.

**SO ORDERED** this 27th day of September 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Anthony W. Overholt
FROST BROWN TODD LLC
aoverholt@fbtlaw.com

Thomas E. Wheeler, II
FROST BROWN TODD LLC
twheeler@fbtlaw.com

Copy to:

Mark A. Nestor
Attorney at Law
3690 Holcomb Bridge Road
Norcross, GA 30092